IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY FERGUSON : | |
| : | |
| v. : | CIVIL ACTION NO. 19-2674 |
| : | |
| POLICE OFFICER BENJAMIN KLOCK : | |
| ET AL. : | |

**McHUGH, J.**                                                                                                          **April 7, 2021**

### MEMORANDUM

In this civil rights action, Plaintiff Anthony Ferguson has alleged that in June of 2017, three police officers, including Defendant Benjamin Klock, arrested him without probable cause and used excessive force during the arrest. Presently before me is Defendant Klock's motion to dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons that follow, the motion will be granted and the action dismissed with prejudice.

**I.     RELEVANT FACTS AND PROCEDURAL HISTORY**

Mr. Ferguson, initially represented by an attorney, filed claims against the Defendants in June of 2019. ECF 1.[1] Following an April 3, 2020 pretrial conference, this Court issued a Scheduling Order requiring the completion of fact discovery by October 2, 2020, and the filing of dispositive motions by October 14, 2020. ECF 12, 14-15. In September of 2020, Mr. Ferguson's counsel filed a motion to withdraw his appearance, alleging a lack of cooperation and communication on the part of Mr. Ferguson. Mot. Withdraw 3-4, ECF 16. I granted that motion and suspended all deadlines on September 29, 2020 to allow Mr. Ferguson a fair opportunity to

---

[1] The City of Philadelphia moved to dismiss shortly after it was served. After allowing Plaintiff's counsel a prolonged period of time within which to respond, I granted the motion to dismiss the City as unopposed, and shortly thereafter held a Case Management Conference. ECF 9, 14.

1

obtain new counsel.  *See* Order of Sept. 29, 2020, ECF 19.  I provided him sixty days to do so.  *See* Order of September 28, 2020, ECF 17.

There has been no communication from Mr. Ferguson since September 23, 2020, and technically, that communication came from his attorney, informing the Court that *he* had been unable to reach Mr. Ferguson.  *See* Mot. Dismiss 4, ECF 20;  Mot. Withdraw ¶ 8.  On February 11, 2021, Defendant moved to dismiss for lack of prosecution under Rule 41(b).  Mot. Dismiss 2.  Recognizing Plaintiff's *pro se* status, and the existence of the pandemic, the Court took no action on the motion, allowing Plaintiff ample time within which to reemerge and pursue his claims.  When he did not do so, counsel for Defendant was directed to supplement the record with an affidavit establishing that its motion was properly served.  Decl. of Matthew Hubbard, Esq., ECF 21.  Under penalty of perjury, Defendant's attorney declared that he contacted Mr. Ferguson on February 12, 2021 in three ways: 1) by leaving a voicemail at the telephone number provided by Mr. Ferguson's former attorney;  2) by electronic mail at the email address Mr. Ferguson provided to this Court; and 3) by first class mail at the physical address Mr. Ferguson provided to this Court.  *Id.* at 2.  Mr. Ferguson did not return the telephone call.  *Id.*  The envelope was returned to Defendant's counsel on March 3, 2021 with the notation that it was "not deliverable as addressed" and that the postal service was "unable to forward."  *Id.*, Ex. C.  The electronic mail, however, was *not* returned as undeliverable.  *Id.*

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) states, in relevant part that "if the plaintiff fails to prosecute . . . a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b).  It goes on to state that "[u]nless the dismissal order states otherwise, a dismissal . . . operates as an adjudication on the merits."  *Id.*  A Court's decision to dismiss an action with prejudice under Rule 41(b) is

governed by the following factors, set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984):

> (1) the extent of the *party* 's personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868.

### III. DISCUSSION

Having considered the *Poulis* factors, I will grant the motion and will dismiss the action in its entirety with prejudice under Rule 41(b). *See* 747 F.2d at 868; Fed. R. Civ. P. 41(b).[2]

First, as a *pro se* litigant, Plaintiff is the party personally responsible for failing to respond to the instant motion to dismiss and failing to participate in this litigation. It is clear that Plaintiff has failed to provide an appropriate mailing address where he can be reached in violation of Local Rule 5.1(b).[3] Based on the return of the February 12, 2021 letter sent by Defendant's counsel, it appears that Plaintiff has either moved to a new residence or that he never actually provided the Court with the correct address to begin with.[4] Before that, he lost contact with his attorney. Second, with the passage of time, Defendant is prejudiced insofar as facts, which occurred in 2017, become harder to establish, litigation costs continue to be

---

[2] As my colleague Chief Judge Sanchez has noted, "some courts have reasonably concluded that when a plaintiff has failed to keep his address current with the Court and therefore cannot receive and respond to court orders, his conduct renders adjudication impossible, such that an analysis of the *Poulis* factors is not required*." Harris v. Lamas*, No. 20-CV-2431, 2020 WL 6748487, at *2 (E.D. Pa. Nov. 12, 2020) (collecting cases). However, I have undertaken the analysis laid out in *Poulis* out of an abundance of caution.

[3] Local Rule 5.1(b) states that "[a]ny party who appears pro se shall file with the party's appearance or with the party's initial pleading, an address where notices and papers can be served. Said party shall notify the Clerk within fourteen (14) days of any change of address."

[4] The motion to withdraw submitted by Mr. Ferguson's former attorney states that "counsel determined that the Plaintiff . . . had changed [his] . . . place of residence without informing counsel." Mot. Withdraw ¶ 4.

incurred, and, keeping in mind that the remaining Defendant is an individual, he is unable to achieve closure.  Third, after initially paying appropriate attention to this case, Plaintiff has simply ignored it since at least September 23, 2019.  Moreover, it appears clear that he had abandoned the case prior to that date, given his apparent unwillingness to respond to his former attorneys.  Mot. Withdraw ¶ 8.  Fourth, he has acted willfully in the sense that he is the party exclusively responsible for advancing the case, but, having filed it, for all practical purposes has abandoned it.  To reiterate, Mr. Ferguson was provided sixty days to obtain a new attorney, and case deadlines were stayed to allow him to do so.  ECF 17, 19.  Yet, in the six months that have passed since the stay was entered, he has not contacted the Court with an update, nor provided an appropriate address where notices and papers can be served, nor responded to the pending motion.[5]  Fifth, alternative sanctions are unavailable.  Plaintiff has abandoned this action, such that imposing sanctions upon him would be illusory. Finally, as to the merits of the claim, there is no record before me upon which to make an assessment, but that is because of Mr. Ferguson's failure to prosecute the case.  However, even assuming some merit to his claims, dismissal is warranted given the prejudice to Defendant at this point.

IV.    **CONCLUSION**

For the reasons set forth above, dismissal with prejudice is warranted.[6]  An appropriate order follows.

    /s/ Gerald Austin McHugh
United States District Judge

---

[5] I note that this Court's Orders of September 28, 2020 and September 29, 2020 were sent to Mr. Ferguson at the email address provided to this Court: lyles9901@msn.com.

[6] The Complaint also named two John Doe police officers as Defendants.  *See* Compl. 1.  Plaintiff has taken no steps to identify or serve them.